UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON (AX4560),<br><br>  Petitioner,<br><br>v.<br><br>CHANCE ANDES,<br><br>  Respondent. | Case No. 24-cv-05443-EMC<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner Toriano G. Hudson, a California state prisoner, brings this petition for writ of habeas corpus. For the reasons outlined below, the petition is dismissed without prejudice.

### FACTUAL BACKGROUND

Hudson contends that on May 2, 2024, he was resentenced from 35-to-life to 13 years and 4 months due to the San Quentin transfer lawsuits. Dkt. No. 1 at 5. Shortly thereafter, Hudson began receiving "bogus RVRs" for refusing cellmates. *Id.* As a result of the various rules violations, Hudson's release date was moved from July 30, 2024, to December 17, 2024.[1] *Id.* Hudson contends that he refused cellmates due to the risk of COVID-19, which he contracted in 2020. *Id.* at 5-6.

### LEGAL STANDARD

A district court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

---

[1] It is unclear whether Hudson remains in custody of the California Department of Corrections and Rehabilitation.

district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  If it appears plainly from the petition that the petitioner is not entitled to relief, the court must summarily dismiss the petition without ordering a responsive pleading. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## DISCUSSION

Hudson filed his habeas petition while incarcerated at San Quentin Rehabilitation Center, challenging a series of rules violations that resulted in his loss of credits and raising a claim of retaliation.  Dkt. No. 1 at 5-6.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  The exhaustion doctrine "reflects a policy of federal-state comity . . . to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and quotation marks omitted).  If it is clear from the face of the petition that the claims are unexhausted, the court may raise the issue of non-exhaustion on its own, and summarily dismiss the petition for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully

unexhausted petition and denial of a stay, because a "*Rhines*[2] stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [the petitioner's] claims were exhausted").

In his petition, Hudson states that he has not sought relief in any proceeding other than an appeal. Dkt. No. 1 at 3. In addition, there is no record of any proceedings filed in the California Supreme Court after the issuance of the rules violations Hudson challenges in the instant petition. Hudson may not bypass state review and, in the first instance, challenge the deductions of credits in federal court. Instead, he must first exhaust his claims in state court by raising each claim at every level of state appellate review before re-filing his petition in federal court. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004). The Court also notes that while a federal habeas petition can challenge rules violations that result in a deduction of credits, Hudson's claim of retaliation, which does not challenge the fact or length of his confinement, is not a proper habeas claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

## CONCLUSION

Based on the foregoing, the petition is dismissed without prejudice to Hudson filing a new petition when his claims are exhausted. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 17, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[2] *Rhines v. Weber*, 544 U.S. 269 (2005).